# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2518-19

S.P.,

    Plaintiff-Respondent,

v.

F.R.P.,

    Defendant-Appellant.

_____

Submitted February 9, 2021 – Decided April 23, 2021

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FV-09-1181-20.

Ramon M. Gonzalez, attorney for appellant (Christina A. Vergara, on the brief).

Northeast New Jersey Legal Services, attorneys for respondent (Jennifer J. Donnelly, on the brief).

PER CURIAM

Defendant appeals from a final restraining order (FRO) entered under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35, based on a predicate act of harassment, N.J.S.A. 2C:33-4. He argues that there was insufficient evidence to establish that he harassed his estranged wife, the plaintiff, or that she needed the protection of the FRO. He also argues that it was an error to add his wife's sister as a protected person under the FRO.[1]

We reject his first argument but hold that the sister should not have been added to the FRO. Accordingly, we affirm the FRO in favor of plaintiff, but remand for the entry of an amended FRO removing the sister as a protected person.

I.

We discern the facts from the record developed at the one-day trial, which took place on January 16, 2020. Both parties were represented by counsel and the court heard testimony from four witnesses: plaintiff, plaintiff's sister, defendant, and a police officer.

The parties were married in July 2015 and separated in October 2019. Plaintiff testified that on November 14, 2019, she and her sister went to her

---

[1] We use initials in the caption and refer to the parties as defendant and plaintiff to protect privacy interests. R. 1:38-3(d)(9).

former apartment building to collect her mail and some personal items from the apartment. While in the lobby by the mailboxes, defendant came up to her. She asked defendant why the mailbox was broken, and he requested that she come inside the apartment. He then started calling her a "trash bitch" and threatening to harm her and members of her family. Plaintiff stated that she was frightened by defendant's threats.

She and her sister then went into the apartment to collect some items while defendant was in the hallway. As plaintiff and her sister were leaving, defendant pushed the sister, who slapped him. Plaintiff said that she was frightened and called the police. Thereafter, she applied for and obtained a temporary restraining order.

Regarding their past relationship, plaintiff testified that defendant had threatened to kill her on several occasions and had forced her to have sex with him several times. She recounted incidents on November 6, 2019, and in March and September 2018, including incidents that occurred in Brooklyn, New York.

Concerning the November 6, 2019 incident, plaintiff testified that defendant sent her text messages calling her "trash" and threatening her. She was scared and went to the police station. Before she met with an officer, defendant showed up and asked her not to create trouble for him because he was

not a United States citizen and he only had a green card. According to plaintiff, she did not get a restraining order that day because she was scared of defendant.

Plaintiff also testified that in March and September 2018, defendant threatened to kill her and forced her to have sex when he was intoxicated. In addition, plaintiff testified that she was afraid of defendant and she believed she needed a restraining order for protection.

The sister testified about the incident on November 14, 2019. She explained that defendant had pushed her while she was with her sister and she slapped him.

Defendant testified that in October 2019, he told plaintiff he had "a special affection towards her, but as a couple [he] did not feel anything for her." Consequently, defendant explained that he no longer wanted to live with plaintiff. Three days later, plaintiff moved out of their apartment.

Defendant also testified that he never threatened plaintiff, nor did he force her to have sex with him. He explained that in November 2019, he had contacted plaintiff because she had the only key to the mailbox. He also claimed that the mail deliverer broke the mailbox so that defendant could access his mail.

The officer testified about plaintiff coming to the police station on November 6, 2019. He explained that both plaintiff and defendant were at the

4

police station and he spoke with plaintiff separately. After discussing plaintiff's concerns, she decided not to seek a restraining order on that date.

After hearing the testimony, the family judge granted the FRO, finding that defendant had committed an act of harassment. The judge found plaintiff and her sister to be more credible than defendant. Based on plaintiff's testimony, the judge also found that there was a history of domestic violence. In that regard, the court credited plaintiff's testimony that defendant had threatened her on several occasions. Initially, the judge stated that he was not going to rule on the alleged forced sex, but he went on to state that if he had to rule on that issue, he "would find that [plaintiff] had proven that by a preponderance of the evidence as well." The judge specifically found that plaintiff had proven her case under the standard announced in Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006). In granting the FRO, the judge also stated that he would add plaintiff's sister to the order, but he did not explain the basis for that decision. The FRO was memorialized in an order issued on January 16, 2020.

II.

On appeal, defendant argues that there was insufficient evidence to establish that he harassed plaintiff and that the family judge failed to find that

plaintiff needed the FRO. He also contends that the family judge erred by adding plaintiff's sister as a protected party under the FRO.

Our scope of review of an FRO is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We accord substantial deference to family judges' findings of fact because of their special expertise in family matters. Id. at 413. That deference is particularly strong when the evidence is largely testimonial and rests on a judge's credibility findings. Gnall v. Gnall, 222 N.J. 414, 428 (2015). We will "not disturb the 'factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Cesare, 154 N.J. at 412 (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)).

When determining whether to grant an FRO under the PDVA, a judge must undertake a two-part analysis. Silver, 387 N.J. Super. at 125-27. "First, the judge must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." Id. at 125. Second, the judge must determine whether a restraining order is necessary to protect the plaintiff from immediate harm or further acts of violence. Id. at 127.

6

The judge here determined that defendant committed the predicate act of harassment. Under N.J.S.A. 2C:33-4,

> a person commits a petty disorderly persons offense [of harassment,] if, with purpose to harass another, he:
>
> a. Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;
>
> b. Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or
>
> c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.

A judge may use "[c]ommon sense and experience" when determining a defendant's intent. State v. Hoffman, 149 N.J. 564, 577 (1997) (citing State v. Richards, 155 N.J. Super. 106, 118 (App. Div. 1978)). "'A finding of a purpose to harass may be inferred from the evidence presented' and from common sense and experience." H.E.S. v. J.C.S., 175 N.J. 309, 327 (2003) (quoting Hoffman, 149 N.J. at 577). Our Supreme Court has construed "'any other course of alarming conduct' and 'acts with purpose to alarm or seriously annoy' as repeated communications directed at a person that reasonably put that person in fear for [her] safety or security or that intolerably interfere with that person's reasonable expectation of privacy." State v. Burkert, 231 N.J. 257, 284-85 (2017).

7

Having reviewed the record, we conclude that there was sufficient credible evidence supporting the judge's determination that defendant committed the predicate act of harassment. While it would have been better if the judge had identified the specific subsection of the harassment statute, the testimony, which the judge found to be credible, supports a finding of harassment under N.J.S.A. 2C:33-4(a).

We also conclude that there was credible evidence supporting the judge's finding that plaintiff needed a restraining order. While not detailing that finding, the family judge did expressly credit plaintiff's testimony concerning the history of defendant's domestic violence against her. In particular, he credited her testimony that defendant threatened to kill her on several occasions. Furthermore, there was credible evidence that the FRO was necessary to protect plaintiff from future harm by defendant. Plaintiff was clear in her testimony that she had a fear of defendant and that she believed her safety depended on not seeing defendant. Consequently, we are satisfied that the FRO in favor of plaintiff was necessary to protect her from further abuse by defendant and there was sufficient evidence in the record supporting both prongs of Silver, 387 N.J. Super. at 125-27.

A-2518-19

We are constrained, however, to remand this matter with direction that the sister be removed from protection under the FRO. The sister did not apply for an FRO nor were there any findings that would support the issuance of an order of protection in her favor. The only testimony concerning the relationship between the sister and defendant was that she knew him as her brother-in-law. Consequently, it is not clear that there was jurisdiction for the entry of the FRO in favor of the sister under the PDVA. See N.J.S.A. 2C:25-19(d) (defining "victim of domestic violence" as a person eighteen years of age or older or an emancipated minor who is subject to domestic violence by a spouse, former spouse, household member or a person with whom the victim had a dating relationship or has a child in common). Indeed, in the brief submitted on behalf of plaintiff, her counsel acknowledged that counsel did not represent the sister and therefore plaintiff took no position on whether the FRO should include the sister.

In summary, we affirm the FRO in favor of plaintiff. We remand for the entry of an amended FRO removing the sister as a protected person. On remand, there will be no need for a new hearing.

Affirmed as modified and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-2518-19